UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND EDWARD CHESTNUT, | : | CIVIL ACTION NO. 3:CV-13-1416 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| J. THOMAS, Warden, | : | |
| Respondent | : | |

**MEMORANDUM**

Petitioner, Raymond Edward Chestnut, an inmate currently confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1, petition). He seeks only to be "transferred to the J. Reuben Long Detention Center in Conway, South Carolina." Id. Specifically, Petitioner states that he "currently has 7 cases pending in court at the Horry County Courthouse in Conway, South Carolina" and "due to [Plaintiff] being at USP-Lewisburg, [he] does not have access to S.C. case law to prepare and work on [his] pending cases." Id. Thus, he is "seeking to be transferred back to South Carolina so that [he] may work on [his] cases." Id.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review; Serving the Petition and Order") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions through Rule 1(b)). See Patton v. Fenton, 491 F.Supp. 156, 158–59 (M.D. Pa. 1979). Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and

direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself." Allen v. Perini, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 498–99 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

In the instant case, Petitioner's request to be transferred is not a challenge to the fact or duration of his confinement. He does not claim that his judgment of conviction was invalid or that he is being confined in prison unlawfully. He does not seek release from prison, nor does he seek to be released sooner from prison. Rather, Petitioner simply seeks to be transferred to a facility in South Carolina. However, because habeas relief is available only when prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the [government's] custody," Wilkinson v. Dotson, 544 U.S. 74, 81 (2005), and Petitioner does not seek either speedier release or a judicial determination that necessarily implies the unlawfulness of his incarceration, this Court lacks habeas jurisdiction. See McCall v. Ebbert, 384 F. App'x 55 (3d Cir. 2010) (District Court properly dismissed for lack of jurisdiction § 2241

petition challenging transfer to increased security level and conditions of confinement.); Zapata v. United States, 264 F. App'x 242 (3d Cir. 2008) (holding, District Court lacks jurisdiction under § 2241 to entertain inmate's challenge to prison transfer); Ganim v. Federal Bureau of Prisons, 235 F. App'x 882 (3d Cir. 2007) (same).

This Court will, therefore, dismiss the petition without prejudice to any right Petitioner may have to assert his claim in a properly filed complaint, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

A separate Order will be issued.

Dated: May 29, 2013

*[signature]*
**United States District Judge**